JUSTICE NELSON
specially concurs.
¶31 I concur in our opinion and in all that is said with the exception that I do not agree with the Court’s conclusion that the trial court *555 abused its discretion by precluding Berg from calling witnesses as a sanction for the Defendant’s failure to comply with § 46-15-323(6)(a), MCA.
¶32 Admittedly, precluding a party from calling witnesses is a severe sanction that should be judiciously imposed. Notwithstanding, in the case at bar, even assuming arguendo that Berg’s failure to timely file his witness list was not wilful, he nevertheless failed to demonstrate any good cause or compelling justification for his failure to comply with the discovery requirements of § 46-15-323, MCA, and the trial court’s Omnibus Hearing order which extended substantially his statutory discovery obligations. To make matters worse, at the March 18,1999 hearing to exclude witnesses, Berg’s counsel misled the State and the District Judge by affirmatively representing that he intended only to call two impeachment witnesses — which the court allowed him to call — and that other witnesses on his list would not be called. Indeed, Berg did not make any pretrial objection to the court’s March 20, 1999 order excluding the witnesses he now contends were crucial to his defense.
¶33 Under these facts, I cannot agree that the trial court abused its discretion in precluding Berg from calling other witnesses in his defense. The trial judge ought not to be held in error because of the Defendant’s choice to ignore the discovery rules; to ignore the court’s discovery orders; to be less than candid; and to play fast and loose with the court. In any event, since I am otherwise in accord with our analysis and the result reached, I concur.